UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Approximately 3879.16242937 bitcoin, seized from Bitcoin address bc1q7rhc02dvhmlfu8smywr9mayhdph85jlpf6paqu,<br>Defendant. | Case No.: 21-cv-2103-AJB (JLB)<br>**ORDER GRANTING UNITED STATES' MOTION FOR INTERLOCUTORY SALE OF CRYPTOCURRENCY** |

Upon consideration of the Plaintiff United States' Stipulated Motion for Interlocutory Sale of Cryptocurrency; the Stipulation and Request for Interlocutory Sale of Defendant Cryptocurrency filed with that motion and signed by the Plaintiff United States, Claimant SA Reinsurance Ltd. ("SA Reinsurance"), a wholly owned subsidiary of Sony Life Insurance Co. Ltd. ("Sony Life") and the sole claimant to date, and Potential Claimant Rei Ishii; and all the papers and pleadings on file in this case,

The Court FINDS that the Plaintiff United States, which has custody of the Defendant property, approximately 3879.1605262 bitcoin seized from Bitcoin address bc1q7rhc02dvhmlfu8smywr9mayhdph85jlpf6paqu ("Defendant" or "Defendant BTC"), has established that the Defendant BTC is at risk of deterioration in value relative to the

United States dollar and has otherwise established good cause for the interlocutory sale of the Defendant BTC under Rule G(7)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Accordingly, IT IS HEREBY ORDERED that the Plaintiff United States' Stipulated Motion for Interlocutory Sale of Cryptocurrency Stipulation and Request for Interlocutory Sale of Cryptocurrency, is GRANTED.

IT IS FURTHER ORDERED THAT, to preserve the value of the Defendant property, the United States is authorized to liquidate the Defendant BTC and exchange for U.S. dollars to be held in the United States Department of Justice's Seized Asset Deposit Fund pending resolution of this civil forfeiture case.

IT IS FURTHER ORDERED THAT the United States is authorized to conduct the interlocutory sale in accordance with the terms set forth below, which terms are fully consistent with those set forth in paragraphs 14-30 of the Stipulation and Request for Interlocutory Sale of Defendant Cryptocurrency, and which terms the Court finds to be reasonable and which terms the Court hereby approves and adopts. Accordingly,

IT IS FURTHER ORDERED THAT:

1. The United States shall sell the Defendant BTC via the United States Marshals Service, a United States agency that has authority to sell the Defendant property, and its contractors.

2. The United States shall have the sole discretion to determine exactly when and how it liquidates Defendant BTC and exchanges it for U.S. dollars.

3. However, the United States shall endeavor in good faith to obtain a reasonable exchange rate and to incur reasonable sales/conversion fees in the course of liquidating the Defendant BTC.

4. The United States may immediately deduct any fees, commissions, and expenses of sale or conversion of the Defendant BTC from the proceeds of the sale or conversion.

5. The United States, in attempting to liquidate the Defendant BTC at market value, may elect to engage in multiple separate transactions at separate prices and with separate fees and/or expenses.

6. The United States shall maintain records of each sale transaction that it conducts in connection with liquidating the Defendant BTC and exchanging it for U.S. dollars, including: the time of the transaction, the exchange rate, any fees or costs incurred, and the net proceeds of liquidation. The United States shall provide this information to counsel for Claimant SA Reinsurance and Potential Claimant Ishii within fourteen days of fully completing the liquidation and exchange transactions.

7. The net proceeds of liquidation of the Defendant BTC shall be the gross proceeds less the actual costs, fees, and expenses that the United States incurs in liquidating the Defendant BTC.

8. The United States shall sell the Defendant BTC according to the procedures set forth in this Order and not the different procedures set forth in Title 28, United States Code, Sections 2001, 2002, and 2004.

9. The net proceeds of the liquidation of the Defendant BTC shall be held in the custody of the United States as a substitute res ("Substitute Res") instead and in place of the Defendant BTC, for all purposes, including future civil forfeiture proceedings in this case. The United States, Claimant SA Reinsurance, and Potential Claimant Ishii, and any other claimant who makes a viable claim, shall each have the same claims and defenses as to the Substitute Res that each now has as to the Defendant BTC.

10. Any and all claims, known and unknown, that the United States, Claimant SA Reinsurance, and Potential Claimant Ishii and any other claimant making a valid claim has as to the Defendant BTC will be transferred to the Substitute Res and shall not exist in the Defendant BTC after the sale pursuant to this order. The buyer of the Defendant BTC shall

///

///

///

take title free and clear of all claims of the United States, Claimant SA Reinsurance, Potential Claimant Ishii, and any other claimant making a valid claim as to the Defendant BTC in this case.

IT IS SO ORDERED.

Dated: March 1, 2022

Hon. Anthony J. Battaglia
United States District Judge