RANDY S. GROSSMAN
United States Attorney
OLEKSANDRA Y. JOHNSON
Assistant United States Attorney
California Bar No. 265442
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-9769
Email: oleksandra.johnson@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 3879.16242937 bitcoin, seized from Bitcoin address bc1q7rhc02dvhmlfu8smywr9mayhdph85jlpf6paqu,<br><br>Defendant. | Case No. 21cv2103-AJB(JLB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT AS TO ALL POTENTIAL CLAIMANTS EXCEPT SA REINSURANCE LTD.<br><br>Date: April 14, 2022 |

**I.**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Introduction**

This matter comes before the Court on Plaintiff's motion for default judgment. The verified civil forfeiture complaint commencing this action against the Defendant was filed on December 20, 2021. The complaint alleges that the Defendant bitcoin is subject to forfeiture pursuant to Title 18, United States Code, § 981(a)(1)(C) (forfeiture of property constituting or derived from proceeds traceable to violations of Title 18, United States Code, Sections 1343 (wire fraud) and 2314 (transferring or transmitting in foreign commerce money that was stolen or taken by fraud), and pursuant to Title 18, United States Code, § 981(a)(1)(A) (forfeiture of property involved in money laundering transactions

committed in violation of Title 18, United States Code, Sections 1956 (laundering monetary instruments) and 1957 (transaction in criminal proceeds). The complaint was verified by the FBI Special Agent Arlo James Duczakowski. The present motion seeks default judgment forfeiting the interest of all potential claimants in the world, except for that of Claimant SA Reinsurance Ltd., in the Defendant bitcoin.

**B. Statement of the Case**

1. On December 20, 2021, the United States filed a verified complaint in this action in the United States District Court for the Southern District of California against the Defendant bitcoin, described as:

> **Approximately 3879.16242937 bitcoin, seized from Bitcoin address bc1q7rhc02dvhmlfu8smywr9mayhdph85jl pf6paqu ("Defendant BTC").**

2. On or about December 1, 2021, the Defendant BTC was seized and arrested, with the assistance of Japanese law enforcement authorities, by a duly authorized agent of the Federal Bureau of Investigation, which agency thereafter took possession and custody of the Defendant BTC, pursuant to the Court's Order, dated December 12, 2021, appointing the Federal Bureau of Investigation as Interim custodian.

3. On January 5, 2022, Notice of Judicial Forfeiture Proceedings and a copy of the Complaint for Forfeiture were sent by Federal Express to the following potential claimant, SA Reinsurance Ltd. ("SARe"), through its attorney at her address of record:

| Name and Address | Tracking No. | Result |
|---|---|---|
| SA Reinsurance Ltd.<br>c/o Mala Ahuja Harker<br>Friedman Kaplan Seiler<br>& Adelman LLP<br>7 Times Square, 28th Floor<br>New York, NY 10036-6516 | 7756 7141 3019 | Delivered on<br>1/7/22 |

4. On February 2, 2022, the Plaintiff United States caused the Complaint and Notice of Judicial Forfeiture Proceedings, in both English and Japanese, to be served on Potential Claimant Rei Ishii ("Ishii") at the following address:[1]

| Name and Address | Result |
| --- | --- |
| Rei Ishii<br>Tokyo Metropolitan Police Department, Oji Police Station<br>3-22-22 Oji, Kita-Ward<br>Tokyo | Delivered on<br>2/2/22 |

5. On January 6, 2022, Claimant SARe filed a timely and valid Verified Claim to Defendant Property Seized for Forfeiture.

6. Beginning on January 8, 2022, and continuing through February 6, 2022, the United States posted notice of this civil forfeiture action on an official government internet website, www.forfeiture.gov, for at least 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. On February 25, 2022, Plaintiff the United States filed a motion for an Order authorizing interlocutory sale of Defendant cryptocurrency. The motion was submitted along with a stipulation signed by Plaintiff United States; the sole claimant to date, SA Reinsurance Ltd. ("SA Reinsurance"), a wholly owned subsidiary of Sony Life Insurance Co. Ltd. ("Sony Life"); and the sole known potential additional claimant, Rei Ishii ("Ishii").

8. On March 1, 2022, the Court granted the Plaintiff's motion for interlocutory sale. Subsequently, the Defendant cryptocurrency was transferred to the custody of U.S. Marshals Service, and on or about March 3 and March 4, 2022, liquidated and converted to a total of $161,821,876.05. The net proceeds of the liquidation, less fees and costs, in

[1] The United States effected service on Potential Claimant Ishii via the Tokyo District Public Prosecutors Office, which acted on behalf of the Central Authority of Japan and pursuant to a Request for Legal Assistance from the United States of America dated June 25, 2021.

the amount of $161,660,054.20 ("Substitute Res") was deposited into the DOJ Seized Asset Deposit Fund.

9. Under Supplemental Rule G(5)(a)(ii)(B), the claim-filing deadline for any claimant who did not receive direct notice of the filing of the complaint was March 9, 2022. Thus, the time for any person or entity, other than Claimant SARe, to file a claim has expired. (*See* Declaration of Oleksandra Y. Johnson, attached hereto as Exhibit 3.)

10. To date, no person or entity, other than Claimant SARe, has filed a claim to the Defendant BTC or an answer in this action. (*See* Declaration of Oleksandra Y. Johnson, attached hereto as Exhibit 3.)

11. On March 15, 2022, a Declaration of and Request for Clerk's Entry of Default as to All Potential Claimants Except SA Reinsurance Ltd. was filed in this case. A Clerk's Entry of Default was issued on March 16, 2022, and a copy is hereby attached as Exhibit 2.

**C. Statement of Facts**

The facts from the verified complaint are incorporated herein. In essence, before the Defendant BTC was sold and converted to the Substitute Res of $161,660,054.20, the Defendant was originally Approximately 3879.16242937 bitcoin, seized from Bitcoin address bc1q7rhc02dvhmlfu8smywr9mayhdph85jlpf6paqu, controlled by an individual named Rei Ishii. The Defendant BTC was, and the Substitute Res of $161,660,054.20 is, traceable entirely to approximately $154,932,103.17 in funds (a) that Ishii had stolen, converted, and taken from Sony Life via a wire fraud scheme, (b) that Ishii then caused to be transmitted in foreign commerce from Bermuda to the United States; and (c) that Ishii then exchanged for approximately 3879.16 bitcoin and transferred to a cold storage wallet that he controlled via money laundering transactions. *See* Verified Complaint, ECF No. 1.

Rei Ishii is a former employee of Sony Life Insurance Company Ltd. ("Sony Life") and a dual national of the United States and Japan. Sony Life is based in Japan and is an indirect subsidiary of Sony Group Corporation ("Sony Group"), the Japanese multinational conglomerate. After acquiring two other insurance companies, Sony Life

initiated several transactions to exchange large sums of Japanese Yen for U.S. Dollars, and to transfer those funds from a Citibank account in Bermuda to bank accounts Sony Life held in Japan. Rei Ishii was one of the Sony Life employees responsible for conducting those currency-exchange and fund-transfer transactions for Sony Life. *See* Verified Complaint, ECF No. 1.

Beginning no earlier than December 15, 2020, and continuing through at least May 27, 2021, Rei Ishii engaged in a scheme to defraud Sony Life, Citibank, and others, in connection with those transactions. Between on or about May 18 and May 20, 2021, and as a part of this scheme, Ishii obtained by fraud and embezzled approximately $154,932,103.17 in funds. Falsely, fraudulently, and without Sony Life's authorization, Ishii instructed Citibank, one of the banks facilitating the May 18-20 transaction, to transfer $154,932,103.17 from a Sony Life Citibank account in Bermuda to an account that Ishii controlled at Silvergate Bank in La Jolla, California, within the Southern District of California. *See* Verified Complaint, ECF No. 1.

The Silvergate Bank account to which Ishii directed those $154,932,103.17 in funds, which Ishii had obtained by fraud and embezzlement, is associated with Coinbase, Inc. ("Coinbase"), a cryptocurrency company. As a part of his scheme, Ishii opened that Coinbase account associated with the Silvergate Bank account on the materially false and fraudulent representation, which involved use of international and interstate wires, that the account belonged to Sony Life's subsidiary, SA Reinsurance, and that Ishii's supervisor, K.Y., was the individual associated with the account. Ishii then engaged in money laundering transactions by causing Coinbase to exchange the $154,932,093.17 on deposit at Silvergate Bank for approximately 3,879.16 bitcoin cryptocurrency and then to transfer that corresponding bitcoin to a secure and encrypted "cold wallet" having the address bc1q7rhc02dvhmlfu8smywr9mayhdph85jlpf6paqu, which belonged to Ishii. *See* Verified Complaint, ECF No. 1.

On or about December 1, 2021, with the assistance of Japanese law enforcement authorities, the United States Federal Bureau of Investigation seized the Defendant

3879.16242937 BTC and transferred it to FBI-San Diego's bitcoin wallet, located in the Southern District of California. The Defendant 3879.162937 BTC corresponds to the approximately 3,879.16 bitcoin transferred from Ishii's Coinbase account, as alleged above, less network transaction fees. *See* Verified Complaint, ECF No. 1.

All the foregoing demonstrates that the Defendant BTC was acquired with fraud proceeds obtained by Ishii from a wire fraud and money laundering scheme by Ishii and that the Substitute Res is now, by virtue of the interlocutory sale order, the defendant property subject to forfeiture in this case. *See* Verified Complaint, ECF No. 1; Order Granting United States' Motion for Interlocutory Sale of Cryptocurrency, ECF No. 14.

**D. Deadlines for Filing a Claim and Answer**

This civil forfeiture action is an in rem proceeding which is governed by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. Pursuant to Rule G(5), a verified claim must be filed with the Clerk of the United States District Court, Southern District of California, with a copy to the Government attorney, within thirty-five (35) days after service of the Notice of Judicial Forfeiture Proceedings, or within such additional time as the court may allow. An answer must be filed and served within twenty-one (21) days thereafter, pursuant to Title 18, United States Code, § 983(a)(4)(B).

Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)." The plaintiff served notice of forfeiture on all known potential claimants, including SA Reinsurance Ltd. on January 7, and Rei Ishii on February 2, 2022.

The deadline for Potential Claimant Ishii and for every other claimant in the world who received notice of this civil forfeiture action via publication was March 9, 2022. From the time of said notices, no claim or answer has been filed regarding the above-named

defendant property from any other potential claimants except SA Reinsurance Ltd. (*See* Declaration of Oleksandra Y. Johnson, attached hereto as Exhibit 3.)

**E. The Government Established Its Case by a Preponderance of the Evidence**

Pursuant to the Civil Asset Forfeiture Reform Act of 2000, the burden of proof in civil forfeiture cases is a preponderance of the evidence. Title 18, United States Code, Section 983(c) states, in pertinent part:

> In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property –
>
> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
>
> (2) the Government may use evidence gathered after the filing of the complaint for forfeiture to establish, by a preponderance of the evidence, that the property is subject to forfeiture; and
>
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

The Government's evidence is undisputed by any claimant. Although the sole claimant, Claimant SA Reinsurance Ltd. ("SARe"), has filed a claim to the Defendant property, it has not yet—by agreement with the Government—filed an answer. So neither the sole claimant nor any other person or entity in the world has disputed the allegations that the Government has set forth in its verified complaint. The Government contends that the verified complaint shows by a preponderance of the evidence—subject to any potentially superior claim of Claimant SARe—that the Defendant property is subject to forfeiture to the United States in its entirety under: (a) Title 18, United States Code,

Section 981(a)(1)(C) as property that constitutes proceeds of, or that was derived from proceeds traceable to, violations of Title 18, United States Code, Sections 1343 (wire fraud) and 2314 (transferring or transmitting in foreign commerce money that was stolen or taken by fraud); and (b) Title 18, United States Code, Section 981(a)(1)(A) as property involved in one or more money laundering transactions in violation of Title 18, United States Code, Section 1956, Section 1957, or both.

### F. The *Eitel* Factors Support Granting the Motion for Default Judgment

The Ninth Circuit has adopted a balancing test for determining whether the entry of default judgment is appropriate. That balancing involves consideration of the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the balancing of the *Eitel* factors weighs in favor of granting the Government's request. By moving for default judgment as to all claimants except Claimant SARe, the United States seeks to terminate and default all other interests to the Substitute Res. Denying the motion would unduly prejudice the Government because the Government would then be required to litigate this action as against claimants other than SARe who have not appeared to contest this forfeiture despite having been given the opportunity to do so. *See United States v. Approximately $28,000 in U.S. Currency*, No. 09-5377 SC, 2010 WL 1340110, at *4 (N.D. Cal. Apr. 5, 2010) (pointing out prejudice where the government would have to expend further time and effort in an action that has no opposing party). Additionally, the merits of the Plaintiff's substantive claim are strong. The verified complaint provides sufficient and detailed allegations to establish a substantial connection between the Defendant Res and Ishii's wire fraud and money laundering scheme. The facts alleged in the complaint, viewed in the aggregate, demonstrate by a preponderance of the

evidence that the defendant is subject to forfeiture to the United States in its entirety—subject to any potentially superior claim by victim Claimant SARe—under: (a) Title 18, United States Code, Section 981(a)(1)(C) as property that constitutes proceeds of, or that was derived from proceeds traceable to, violations of Title 18, United States Code, Sections 1343 (wire fraud) and 2314 (transferring or transmitting in foreign commerce money that was stolen or taken by fraud); and (b) Title 18, United States Code, Section 981(a)(1)(A) as property involved in one or more money laundering transactions in violation of Title 18, United States Code, Section 1956, Section 1957, or both.

Further, although "the sum of money at stake," approximately $161 million, is not insubstantial, the Government has demonstrated that this money was stolen or taken by wire fraud, and involved in money laundering transactions. Concerning "the possibility of a dispute concerning the material facts" factor, there is no possibility of a dispute because no claim or answer has been filed by any potential claimants except SA Reinsurance. There is no evidence that default here was the result of excusable neglect because no potential claimants have appeared despite the Government fully complying with the notice requirements under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See United States v. Approximately $72,000 in U.S. Currency*, No. C 08-1305 JCS, 2009 WL 506866, at *4 (N.D. Cal. Feb. 27, 2009) ("[T]here is no evidence that default was due to excusable neglect given that ... Plaintiff provided adequate service and notice to the parties known to have an interest in the property."). Here, the Government posted notice of this civil forfeiture action on an official government internet website, and also caused the Complaint and Notice of Judicial Forfeiture Proceedings, in both English and Japanese, to be served on Potential Claimant Ishii in Japan. Finally, although the Court should decide cases on the merits, the failure of Ishii, or any other potential claimant to file an answer "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The Government seeks entry of default judgment forfeiting the interest of every potential claimant in the world, including Potential Claimant Rei Ishii, as to the Defendant

property—other than Claimant SARe—so that the Government may then enter into a settlement agreement with Claimant SARe recognizing its interest in the Defendant property, now the Substitute Res, without fear that any other claimant might one day also assert a belated claim to that Defendant property.

## II.

## CONCLUSION

For the foregoing reasons, is the Government requests that the Court enter default judgment condemning and forfeiting in favor of the United States the interests of any and all potential claimants in the world, including Rei Ishii, as to the Defendant property—other than Claimant SA Reinsurance Ltd.

Dated: March 18, 2022.

s/ Oleksandra Y. Johnson
OLEKSANDRA Y. JOHNSON
Assistant U.S. Attorney
Email: oleksandra.johnson@usdoj.gov
Attorneys for Plaintiff
United States of America